**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
```

|  |  |
|---|---|
| MATTHEW ANGEL, : | |
| : | Civil Action No. 15-7514(RMB) |
| Petitioner, : | |
| v.          : | **OPINION** |
| DEPT. OF JUSTICE, : | |
| BUREAU OF PRISONS, : | |
| Respondent. : | |

**BUMB**, District Judge

Petitioner, presently incarcerated in FCI Fort Dix, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on October 15, 2015. (ECF No. 1.) A federal district court has jurisdiction under 28 U.S.C. § 2241 over a constitutional challenge to a prison disciplinary hearing that resulted in loss of good conduct time. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-43 (3d Cir. 2005) (citing Jiminian v. Nash, 245 F.3d 144 (2d Cir. 2001) (citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)).

I.   BACKGROUND

The present petition challenges sanctions imposed as a result of Petitioner's disciplinary hearing at the Federal

1

Correctional Institution in Fort Dix, New Jersey. (Pet., ECF No. 1.) Petitioner asserted two grounds for relief: (1) Code Section 108, as applied to Petitioner for possession of an MP3 player, is unconstitutionally void for vagueness; and (2) Petitioner was singled out for disparate treatment because three other inmates received lesser sanctions for possession of MP3 players. (Pet., ECF No. 1 at 2-3.)

Petitioner asserted that he began the administrative remedy process but did not complete it because he did not resubmit his appeal to the Central Office in corrected format. (Pet., ECF No. 1 at 2.) He chose not to complete his administrative remedies because he was "scheduled to leave Fort Dix December 2015 and the re-submission and hearing time will make an appeal to the Federal Court too "short" for purposes of having this matter considered." (Id.)

Respondent filed an Answer. (Respondent's Answer to Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Answer") (ECF No. 5.) In the Answer, Respondent asserted the following facts. Petitioner is an inmate in FCI Fort Dix, and his projected release date, via good conduct time release, is July 16, 2016. (Moran Decl., Public Information Inmate Data, Ex. 1, ECF No. 5-2.) Incident Report No. 2695265 was issued to Petitioner on March 19, 2015. (Moran Decl., Incident Report, Ex. 4, ECF No. 5-5.) The incident report described an incident that

2

occurred in the morning of March 19, 2015, when an officer performed a pat search on Petitioner and discovered an MP3 player with a 32GB memory card. (Id.) When the officer questioned Petitioner, Petitioner retrieved another 4GB memory card from his locker and gave it to the officer. (Id.) Petitioner was charged with Possession, Manufacturing, or Introduction of a Hazardous Tool (Code 108) and Possession of Anything Not Authorized (Code 305.) (Id.) The MP3 player found on Petitioner was not the type authorized by the BOP and sold in the Commissary. (Moran Decl., ¶2.)

Code 108 is a greatest severity level prohibited act, and it includes in the definition of hazardous tools "portable telephone, pager, or other electronic device." 28 C.F.R. § 541.3, Code 108. Code 305 is a moderate severity level prohibited act, defined as "possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels." Id., Code 305.

Upon being advised of his right to remain silent during the disciplinary process, Petitioner said he was guilty of the charges. (Moran Decl., Incident Report, Ex. 4, ECF No. 5-5.) At the initial hearing before the Unit Discipline Committee ("UDC"), Petitioner had no statement to make, and he said everything was correct. (Id.) The UDC referred the matter to a Discipline Hearing Officer ("DHO") for disposition and

3

recommended loss of good conduct time if Petitioner was found guilty. (Id.) Petitioner was advised of his rights before the DHO. (Moran Decl., Inmate Rights, Ex. 5, ECF No. 5-6; Notice of Discipline Hearing, Ex. 6, ECF No. 5-7.)

The DHO hearing was held on April 2, 2015. (Moran Decl., DHO Report, Ex. 7, ECF No. 5-8.) Petitioner waived his right to a staff representative and declined to call any witnesses. (Id.) He stated, "Everything is true. I accept full responsibility." (Id.) The DHO determined that Petitioner was guilty of violating Code 108. (Id.) The DHO reasoned that Petitioner acknowledged his possession of an MP3 player containing a memory card, and a separate memory card. (Id.) The DHO imposed sanctions of disallowance of forty days good conduct time, fifteen days disciplinary segregation (90 days suspended), and a sixty day commissary restriction. (Id.) The DHO explained the sanctions were imposed because an MP3 player with recording abilities and memory card is classified as a hazardous tool. (Id.)

Petitioner appealed the sanctions. (Moran Decl., ¶¶3-5.) He did not complete the administrative appeals process. (Id.) Respondent contends the petition should be dismissed because Petitioner failed to exhaust his administrative remedies, and his claims are now procedurally defaulted. (Answer, ECF No. 5 at 7-8.)

4

Alternatively, Respondent contends Petitioner's claims fail on the merits because Code 108 generally prohibits the possession of electronic devices. (Id. at 9.) Furthermore, Petitioner has not stated a claim under the Equal Protection Clause because he has not alleged purposeful discrimination. (Id. at 10-11.)

II. DISCUSSION

    A. Exhaustion

The Third Circuit Court of Appeals has consistently applied an exhaustion requirement to petitions under 28 U.S.C. § 2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000.) There is an exception to the exhaustion requirement if an attempt to obtain relief is futile or the purposes of exhaustion would not be served. Cerverizzo v. Yost, 380 F. App'x 115, 116 (3d Cir. 2010).

For a federal prisoner to exhaust administrative remedies, he must: (1) address his complaint to the institution staff; (2) appeal his complaint to the Regional Director; and (3) appeal to the National Appeals Administrator in the Central Office of the BOP. 28 C.F.R. §§ 542.10-542.18 (2015). When an appeal is made from a disciplinary decision of a DHO, the prisoner is not required to first address his complaint to institution staff but can proceed directly to the Regional Director. 28 C.F.R. § 542.14(d)(2). Failure to satisfy the BOP's procedural rules for

5

its administrative process constitutes a procedural default. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). If the default renders the administrative process unavailable, the habeas claims are barred absent a showing of cause and prejudice. (Id. at 761.)

Petitioner acknowledged that he did not complete the administrative remedy process because he believed he was due to be released from FCI Fort Dix in December 2015, and there was insufficient time to exhaust his administrative remedies before his potential release date. It is unclear why Petitioner believed he was to be released from FCI Fort Dix in December 2015. The BOP calculated his release date, inclusive of the good conduct time, as July 16, 2016.

Petitioner was made aware of the formatting problem with his Central Office appeal on or about July 15, 2015, leaving him time to correct the problem. Under 28 C.F.R. § 542.18, the appeals process is complete if the Central Office does not respond to the appeal within sixty calendar days. Assuming Petitioner resubmitted the BP-11 form in the correct format within a week, he could have completed the administrative remedy process as early as September 22, 2015. Therefore, exhaustion was not futile.

Furthermore, Petitioner has not asserted any other reason to explain why the purposes of exhaustion would not be served in

6

his case or to establish cause and prejudice for the procedural default. Petitioner's claims are procedurally barred because it is too late to file a proper BP-11 form. See 28 C.F.R. § 542.15(a), 542.14(b), 542.17(b). Although Petitioner's habeas claims are procedurally barred, the Court will nonetheless alternatively address the merits of Petitioner's claims.

B.  Vagueness Claim

Code 108 defines as a prohibited act:

> Possession, manufacture, introduction, or loss of a hazardous tool (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade, body armor, maps, handmade rope, or other escape paraphernalia, portable telephone, pager, or other electronic device)

28 C.F.R. § 541.3, Code 108.

Petitioner contends that Code 108, as applied to him, is unconstitutionally void for vagueness. (Pet., ECF No. 1 at 2.) First, Petitioner asserts an MP3 player is not a hazardous tool, it is an entertainment device. (Id.) Second, Petitioner contends Code 108 should be read in the conjunctive, precluding a violation based on possession of an electric device. (Id. at 3.) Petitioner suggests:

> all nouns following hazardous tool refer back to hazardous tool. To be covered by 108 an electronic device must be a hazardous electronic tool, such as a stun gun. Not all

7

>         electronic devices are hazardous tools and
>         majority are not: radio, tooth-brush, MP3
>         player which is an entertainment devi[c]e,
>         etc.

(Pet., ECF No. 1 at 5.)

To the contrary, Respondent argues Code 108 generally prohibits possession of electronic devices. (Answer, ECF No. 5 at 9.) Additionally, Respondent asserts the BOP's decision to charge Petitioner with a Code 108 violation for possession of an unauthorized MP3 player is not plainly erroneous or inconsistent with BOP regulations. (Id.)

"A statute or regulation must fail for vagueness if it forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning.'" Robinson v. Warden, 250 F. App'x 462, 464 (3rd Cir. 2007) (quoting Connally v. General Construction Co., 269 U.S. 385, 391 (1926)). A provision is also void for vagueness if it "authorizes or even encourages arbitrary and discriminatory enforcement." Patel v. Zenk, 447 F. App'x 337, 340 (3d Cir. 2011) (quoting Hill v. Colorado, 530 U.S. 703, 732 (2000)). "Because 'it is nearly impossible for prison authorities to anticipate, through a narrowly drawn regulation, every conceivable form of misconduct which threatens prison security,' we have "reject[ed] the view that the degree of specificity required of [prison] regulations is as strict in every instance

as that required of ordinary criminal sanctions." Id. (quoting Meyers v. Alldredge, 492 F.2d 296, 310 (3d Cir. 1974)).

The Court agrees with Petitioner that an electronic device must be a hazardous tool for possession of that device to violate Code 108. However, this does not mean that an MP3 player cannot constitute a hazardous tool under Code 108. Code 108 describes examples of hazardous tools to include those that pose a threat to institutional security, and includes in a list of examples a telephone, pager "and other electronic device."

The incident report makes clear that the particular MP3 player at issue was contraband because it had recording capabilities, and Petitioner also possessed an additional memory card for the player. (Moran Decl., Incident Report, Ex. 4.) An MP3 player with recording capabilities and memory could be used to record and save messages, which in turn could be used for planning escapes or planning other disturbances in the institution. See e.g. Ausberry v. Grondolsky, Civil No. 08-4136(RMB), 2008 WL 4225174, at *5 (D.N.J. Sept. 9, 2008) (DHO explained MP3 players received from outside the prison could be used to record messages to arrange escapes or assaults.) Men of common intelligence and understanding would understand that possession of an MP3 player, not of the type authorized by the BOP and sold in the Commissary, may be sanctioned under Code 108 as a threat to institutional security.

9

"An agency's interpretation of its own regulation is 'controlling ... unless it is plainly erroneous or inconsistent with the regulation.'" Chong v. Dist. Dir., INS, 264 F.3d 378, 389 (3d Cir. 2001) (quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945))). The BOP's finding that Petitioner's MP3 player was a hazardous tool is not plainly erroneous or inconsistent with the regulation because the regulation precludes possession of electronic devices that pose a threat to institutional security. It is not a stretch of the imagination to think a prisoner might receive instructions on a recording device, coming from outside the prison, to assault another inmate. See Patel, 447 F. App'x at 340 (3d Cir. 2011) (BOP's interpretation of a cell phone as a hazardous tool under Code 108 was not plainly erroneous or inconsistent with the regulation). Therefore, Petitioner's vagueness challenge to Code 108 fails on the merits.

    C.   Equal Protection Claim

Petitioner contends he was treated differently than three other inmates who received lesser sanctions for possession of an MP3 player. (Pet., ECF No. 1 at 3.) Respondent argues Petitioner has not stated a cognizable Equal Protection claim because he did not allege the different treatment was based on purposeful discrimination. (Answer, ECF No. 5 at 11.)

"[T]he Due Process Clause of the Fifth Amendment contains an equal protection component prohibiting the United States from invidiously discriminating between individuals or groups." Washington v. Davis, 426 U.S. 229, 238 (1976) (citing Bolling v. Sharpe, 347 U.S. 497 (1954)). To state an equal protection "class of one" claim, which does not require a showing of purposeful discrimination, a plaintiff must allege he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Patterson v. Stripoli, No. 14-4624, 2016 WL 231532, at *5 (3d Cir. Jan. 20, 2016) (citing Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006)). The rational basis standard requires a plaintiff to show the different treatment was "irrational and wholly arbitrary." Id. (quoting Eichenlaub v. Twp. Of Ind., 385 F.3d 274, 286 (3d Cir. 2004) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 565 (2000)).

Petitioner has not alleged any facts to show his Code 108 violation for possession of an MP3 player was irrational and wholly arbitrary because other inmates received only a Code 305 violation for possession of an MP3 player. For instance, the MP3 players possessed by the inmates who were given lesser sanctions may not have had recording capabilities or sufficient memory for saving recorded messages. The BOP has a valid reason to find that some MP3 players are not hazardous tools that threatened

11

institutional security. Petitioner has not alleged that the MP3 players of those who received lesser sanctions had the same capabilities of the MP3 player Petitioner possessed.

IV. CONCLUSION

    For the reasons described above, the Court will dismiss the habeas petition as procedurally defaulted and alternatively deny the petition on the merits.

                                    s/RENÉE MARIE BUMB_____
                                    RENÉE MARIE BUMB
                                    United States District Judge

Dated: June 28, 2016